**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Patrick Timothy McMorrow, | ) | Case No. 1:03-cr-080 |
| | ) | |
| Defendant. | ) | |

_____

**I.   BACKGROUND**

On July 22, 2004, a jury convicted the defendant, Patrick Timothy McMorrow, of three criminal offenses; namely, (1) mailing threatening communications in violation of 18 U.S.C. § 876(c); extortion in violation of 18 U.S.C. § 876 (b); and threatening the use of a weapon of mass destruction in violation of 18 U.S.C. § 2332(a)(2). Thereafter, a Presentence Investigation Report (PSR) was prepared and a sentencing range was calculated pursuant to the United States Sentencing Guidelines. The PSR determined that McMorrow was a "career offender" under U.S.S.G. Section 4B1.1. As a result, the total offense level was calculated at 37 with a criminal history category VI. This resulted in an advisory sentencing range of 360 months - life imprisonment.

At the first sentencing hearing, this Court sentenced McMorrow to a concurrent term of 140 months imprisonment and three years of supervised release. The sentenced was imposed prior to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The Court departed under the Guidelines pursuant to U.S.S.G. Sections 5K2.11, and 5K2.13. On January 30, 2006, the sentence was reversed on appeal and the case remanded for resentencing. See United States v. McMorrow, 434 F.3d 1116 (8th Cir. 2006).

On May 4, 2006, the Government filed a Sentencing Memorandum and recommended that this Court impose a sentence of 360 months imprisonment, which is at the low end of the advisory Sentencing Guideline range. On May 5, 2006, McMorrow submitted a Sentencing Memorandum and requested that the Court impose a sentence of 120 months imprisonment followed by five years of supervised release.

**II.     LEGAL DISCUSSION**

The advisory Sentencing Guideline range has been calculated to be 360 months - life imprisonment. It is well-established in this circuit that a sentence within the advisory Sentencing Guideline range is considered to be presumptively reasonable. United States v. McManus, 436 F.3d 871, 874 (8th Cir. 2006); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). A sentence which deviates from the Guideline range can be reasonable as long as the sentencing judge offers appropriate justification under the factors specified in Section 3553(a). United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006).

Following a determination of the advisory Guideline range, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether it would be appropriate to vary from the Guideline range under the circumstances. See United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir. 2006). A sentence outside the Guideline range is not presumed to be reasonable. United States v. Wattree, 431 F.3d 618, 624 (8th Cir. 2005). The issue becomes whether there are factors articulated in 18 U.S.C. § 3553(a) that would make the sentence reasonable. United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005). The further the district court varies from the presumptively reasonable Guideline range, the more compelling the Section 3553(a) factors must

be. Id. It is well-established that an extraordinary reduction must be supported by extraordinary circumstances. United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005).

A district court must consider all of the factors identified in 18 U.S.C. § 3553(a) in imposing a reasonable sentence. These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1)-(7).

At the first sentencing hearing, the Court noted the following reasons for imposing a sentence which departed from the Sentencing Guideline range:

    (1)      McMorrow did not display a serious intent to harm anyone;

    (2)      McMorrow did not have the means to carry out any threats because he was incarcerated at the North Dakota State Penitentiary when the threats were made;

    (3)      there were few persons or entities who had received the threatening letters from McMorrow who took the statements as a serious threat;

    (4)      McMorrow suffers from serious psychiatric problems and personality disorders that hamper his ability to make reasonable decisions in life; and

    (5)      a 360 month or thirty-year sentence is unreasonable given McMorrow's long history of animosity towards the Fargo Police Department and his obsessive efforts to garner attention to his civil rights action, albeit in an inappropriate and unlawful manner.

Each of these factors are properly classified as part of the "nature and circumstances of the offense and the history and characteristics of the defendant" or can be classified as the "seriousness of offense" and are appropriate factors for consideration in imposing sentence. The Eighth Circuit noted in its January 30, 2006, opinion that many of these factors, which arguably justified a downward departure under the Guidelines, were not entitled to significant weight or were not supported by the evidence. See McMorrow, 434 F.3d 1116, 1119-1120. The Court is obligated to uphold precedent and the reasoning set forth in the McMorrow decision, irrespective of whether the evidence may be interpreted differently by others.

There is no dispute that the advisory Sentencing Guideline range applicable to McMorrow is 360 months - life imprisonment. Neither party objected to the advisory Guideline calculations. There has been no suggestion that there is need to determine if any traditional departures from the Sentencing Guidelines are appropriate following the mandate of the Eighth Circuit. The Eighth Circuit concluded that the individual grounds for departure previously identified by the Court were

insufficient and did not take this case "out of the 'heartland' of applicable Guidelines. . . ." 434 F.3d 1116, 1119.

With respect to the last step in the determination of McMorrow's sentence, the Court is required to consider whether to impose a non-Guideline sentence. The Court has carefully reviewed the Presentence Report and the other factors set forth in 18 U.S.C. § 3553(a). The Court expressly finds that a 360 month sentence is "sufficient" and "not greater than necessary" in light of "the nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The Court further finds that a sentence of 360 months is "sufficient" and "not greater than necessary" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,"  18 U.S.C. § 3553(a)(2)(A); "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C); and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). The additional reasons which support the imposition of a 360 month sentence as set forth in the United States' Sentencing Memorandum (Docket No. 94) are incorporated by reference. There are simply no extraordinary circumstances which exist that would warrant an extraordinary sentence reduction. The Court believes that the case was overcharged and that a sentence of 360 months is extremely harsh under the circumstances. However, such a lengthy sentence is not unreasonable and McMorrow has not satisfied the demanding departure or variance standard required of him.

Based upon the foregoing and following a remand from the Eighth Circuit, the Court sentences the defendant, Patrick Timothy McMorrow, to 360 months imprisonment with credit for

time served to date. The amended judgment shall reflect that the sentence imposed on Count 1 (mailing threatening communications) carries a sentence of ten years or 120 months; the sentence imposed on Count 2 (extortion) carries a sentence of twenty years or 240 months; and the sentence imposed on Count 3 (threatening use of a weapon of mass destruction) carries a sentence of thirty years or 360 months, with the sentences to run concurrent. The Court also imposes a three year period of supervised release on each of Counts 1-3, inclusive, with the periods of supervised release to run concurrent on all counts. The additional terms and conditions imposed in the original judgment shall remain in full force and effect.

IT IS SO ORDERED.

Dated this 16th day of May, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court