# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Patrick T. McMorrow, | ) | |
| | ) | Case No. 1:03-cr-080 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Patrick T. McMorrow, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-004 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

On January 7, 2008, the defendant, Patrick T. McMorrow, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. See Docket No. 109. The Court has conducted an initial review of the motion and brief and finds that McMorrow is actually seeking relief under 42 U.S.C. § 1983.

The United States Supreme Court in Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973), delineated what constitutes a habeas corpus action as opposed to a civil rights claim under 42 U.S.C. § 1983. The Supreme Court said that the prisoner's label is not controlling. Id. at 489-480. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). If the prisoner is not challenging the validity of his conviction or the length of sentence then a writ of habeas corpus is not the proper remedy. "It is the substance of the relief sought which counts." Id.

The Third, Seventh, and Ninth Circuit Courts of Appeals have allowed considerable leeway for plaintiffs who have filed a 42 U.S.C. § 1983 pleading mislabeled as a petition for writ of habeas corpus. As stated in Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir.1991), if a petition asks for habeas corpus relief when the petitioner "should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored." Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998); see Fierro v. Gomez, 77 F.3d 301, 305 (9th Cir. 1996) (citing Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superceded by statute on other grounds, 42 U.S.C. § 1997e et seq. and stating that a federal court may construe a habeas petition as a § 1983 action). This admonition is especially weighty in pro se litigation. See United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir.1969) (stating that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In at least one case the Eighth Circuit Court of Appeals has taken a narrower stance on mislabeled petitions for habeas corpus. In Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996), the Eighth Circuit held that the district court lacked subject matter jurisdiction over a petition for habeas corpus brought under 18 U.S.C. § 2254 that was in actuality a civil rights claim under 42 U.S.C. 1983. In Kruger, the petitioner had filed a 42 U.S.C. § 1983 claim in state court which had been dismissed. The petitioner then filed a petition for habeas corpus in federal court and raised the same civil rights claims. Id. at 1073. The Eighth Circuit held that "[w]here petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id. In such a situation, the district court is required to dismiss the petition for writ of habeas corpus for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Id.

It is clear from a careful review of the petition that McMorrow does not challenge the validity of his conviction or sentence, but rather raises four constitutional claims which relate to alleged incidents that have occurred subsequent to his incarceration. McMorrow alleges the following: (1)

a lack of appropriate medical treatment; (2) cruel and unusual punishment; (3) interference with access to the courts; and (4) "lack of 'due process' and arbitrary and capricious punishment." The Court finds that McMorrow's pleading, although labeled as a petition under 18 U.S.C. § 2255, only states claims for relief under 42 U.S.C. § 1983. The Court finds as a matter of law that it lacks subject matter jurisdiction over McMorrow's petition.

For the reasons set forth above, the Court **ORDERS** that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket No. 109) be **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Court notes that McMorrow is not prevented from filing a proposed civil rights complaint under 42 U.S.C. § 1983 and directs the Clerk's Office to send the appropriate forms to McMorrow. Those forms will assist McMorrow in proceeding with a claim should he choose to do so. The Court further directs the Clerk's Office to send McMorrow a copy of his petition for habeas corpus relief to assist him in filing the forms needed to pursue a civil rights claim under 42 U.S.C. § 1983.

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-445 (1962). In addition, based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.[1]

**IT IS SO ORDERED.**

Dated this 24th day of January, 2008.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).