**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTIONS FOR RECONSIDERATION** |
| vs. | ) | **AND TEMPORARY RESTRAINING** |
| | ) | **ORDER** |
| Patrick Timothy McMorrow, | ) | |
| | ) | Case No. 1:03-cr-080 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Patrick Timothy McMorrow, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-004 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is a letter from the defendant, Patrick McMorrow, filed on September 29, 2008. See Docket No. 118. The Court will treat the letter as a motion for reconsideration and a motion for a temporary restraining order. McMorrow first moves the Court to reconsider its order denying his motion for appointment of counsel. McMorrow next moves the Court for a temporary restraining order that will place him in the general population of the United States Penitentiary - Tucson, or in the alternative, that he "be given the same rights and privileges as the inmates have that are in general population." See Docket No. 118. McMorrow contends that he is currently in the special housing unit and, therefore, is denied amenities available to inmates in the general population.

In the motion for appointment of counsel, McMorrow contends that the appointment of counsel is necessary because he does not have legal training and does not have access to a law library or other legal assistance. The Court denied the motion and found that the interests of justice do not require the appointment of counsel, that there is no necessity for an evidentiary hearing, and that neither the claims nor the facts appear to be complex. The Court finds no basis to reverse its previous order.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, in determining whether a temporary restraining order should be issued, the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be issued, the Court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981). The Eighth Circuit summarized those factors as follows:

> When considering a motion for a preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest. Dataphase Sys., Inc. v. C L Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*).

Pottgen v. Missouri State High Sch. Activities Ass'n, 40 F.3d 926, 928-29 (8th Cir. 1994); Pruco Securities Corp. v. Montgomery, 264 F. Supp. 2d 862, 866 (D.N.D. 2003).

The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker Elec. Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Co-op, Inc., 28 F.3d

at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir. 1987)). McMorrow has wholly failed to meet his burden of establishing the necessity of a temporary restraining order.

The Court **DENIES** the Defendant's Motion for Reconsideration and Motion for Temporary Restraining Order (Docket No. 118).

**IT IS SO ORDERED.**

Dated this 30th day of September, 2008.

                                        */s/  Daniel L. Hovland*
                                        Daniel L. Hovland, Chief Judge
                                        United States District Court