IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING DEFENDANT'S** |
| | ) | **MOTION FOR HABEAS CORPUS** |
| vs. | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| | ) | |
| Patrick Timothy McMorrow, | ) | |
| | ) | Case No. 1:03-cr-080 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Patrick Timothy McMorrow, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-004 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on September 8, 2008.  See Docket No. 113. The Government filed a response in opposition to the motion on October 24, 2008.  See Docket No. 120.  The Court granted the Defendant an extension of time until February 20, 2009, to file a reply brief, but he failed to do so.  The motion is denied for the reasons set forth below.

**I.      BACKGROUND**

On November 5, 2003, the defendant, Patrick Timothy McMorrow, was indicted on three counts:  (1) mailing threatening communications; (2) extortion through the use of mail; and (3) threatening the use of a weapon of mass destruction.  See Docket No. 4.  On July 22, 2004, a jury found McMorrow guilty of all three counts.  On October 6, 2004, the Court sentenced McMorrow to

140 months of imprisonment. McMorrow appealed the conviction and the Government appealed the sentence. On January 30, 2006, the Eighth Circuit Court of Appeals affirmed the conviction but vacated the sentence and remanded for resentencing. See Docket No. 90. On May 15, 2006, the Court sentenced McMorrow to 360 months of imprisonment. McMorrow appealed the sentence. The Eighth Circuit Court of Appeals affirmed the sentence on December 27, 2006. See Docket No. 104. The Eighth Circuit's mandate was issued on January 22, 2007. See Docket No. 105. McMorrow did not file a petition for a writ of certiorari with the United States Supreme Court.

On January 7, 2008, McMorrow filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. See Docket No. 109. On January 24, 2008, the Court dismissed the motion without prejudice. See Docket No. 112.

The Section 2255 motion now before the Court was filed on September 8, 2008. McMorrow alleges the following: (1) he is being confined in a special housing unit because prison authorities mistakenly believe he is a sex offender; (2) he has been denied access to the law library and legal assistance while in the special housing unit; (3) an FBI agent falsely testified at McMorrow's trial; and (4) he received ineffective assistance of counsel when he was not appointed an investigator to assist in his defense. See Docket No. 113.

The Government contends that McMorrow's Section 2255 motion was untimely because it was not filed within the one-year limitation period. Alternatively, the Government contends that McMorrow's special housing unit and lack of access to legal resources claims are not properly brought under Section 2255; that the FBI agent's testimony, even if false, did not affect the trial; and that McMorrow was not prejudiced by not having a private investigator appointed.

**II.     STANDARD OF REVIEW**

    **A.     28 U.S.C. § 2255**

28 U.S.C. § 2255 authorizes a challenge by a prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." "A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" United States v. Gianakos, 2007 WL 3124686, at *4 (D.N.D. Oct. 23, 2007) (quoting Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962)).  A prisoner who challenges the validity of a sentence must bring a claim under Section 2255 in the district of the sentencing court. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

The right to file a habeas motion under 28 U.S.C. § 2255 is not without limits. Pursuant to 28 U.S.C. § 2255(f), there is a one-year period in which a prisoner has to file a Section 2255 motion. The limitation period runs from the latest of four events, two of which are relevant to this action: "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). For a federal criminal defendant who does not file a petition for a writ of certiorari with the United States Supreme Court on direct review, the judgment of conviction becomes final, and the one-year limitation period starts to run, when the time for seeking certiorari review expires. Clay v. United States, 537 U.S. 522, 532 (2003). A party has ninety (90) days from the entry of the Court of Appeals' judgment to petition the United States Supreme Court for certiorari. Sup. Ct. R. 13(1).

3

    **B.**    <u>**28 U.S.C. § 2241**</u>

It is well-established that "'challenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241.'" <u>Crouch v. Norris</u>, 251 F.3d 720, 723 (8th Cir. 2001) (quoting <u>Walker v. O'Brien</u>, 216 F.3d 626, 632-33 (7th Cir. 2000)); <u>see</u> <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987) (Defendant's "attack on the execution of his sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition). As the Eighth Circuit noted in <u>Hutchings</u>, "[i]f the petitioner were being illegally detained, his remedy was by way of a petition for writ of habeas corpus under 28 U.S.C. §2241(a) . . . ." 835 F.2d at 186 (citing <u>Lee v. United States</u>, 501 F.2d 494, 500 (8th Cir. 1974)). Stated another way, "a petitioner challenging the manner, location, or conditions of [the] sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241." <u>Feist v. Schultz</u>, 2006 WL 657003, at *1 (E.D. Cal. Mar. 13, 2006). It is well-settled that a challenge to the execution of a sentence is to be brought in a Section 2241 motion in the district where the prisoner is incarcerated, not the district of the sentencing court. <u>Matheny</u>, 307 F.3d at 711.

**III.**    <u>**LEGAL DISCUSSION**</u>

    **A.**    <u>**SPECIAL HOUSING UNIT**</u>

McMorrow's first Section 2255 claim is as follows:

> I am being held in S.H.U. as a sex offender and for my protection but the reason for this is because an inmate Johnson stated that I was convicted of having sex with 6 year old boys and penitenteniry guards Ludwig, Burminghum, and Lt. Pen Confirmed this, to other inmates. As such, my life is in danger at all federal penitentiaies. I have approximately 30 inmate witnesses and several guards that have heard the stories, as such I cannot be given regular rights that other inmates enjoy. Outside Rec, Law Library, Arts and Crafts, Jobs, visitation.

See Docket No. 113 (errors in original). It is not entirely clear what McMorrow is contending in this claim. However, it is clear that McMorrow does not challenge the validity of his sentence. McMorrow does not contend that the sentence he received was imposed in violation of the Constitution, that the Court was without jurisdiction to impose a sentence, or that the sentence was in excess of the maximum authorized by law. McMorrow's claim does not stem from the original conviction or sentence but instead is a claim that has arisen since he entered prison. Thus, this claim is not properly brought under 28 U.S.C. § 2255. Instead, McMorrow's claim concerns the execution of his sentence; that is, the manner, location, or conditions of the sentence's execution. McMorrow challenges his confinement in the special housing unit based on a mistaken belief that he is a sex offender and contends that his life is in danger in all federal prisons. Therefore, McMorrow is actually seeking habeas corpus relief under 28 U.S.C. § 2241. A motion under 28 U.S.C. § 2241 must be brought in the district in which the prisoner is incarcerated, not the district of the sentencing court. Matheny, 307 F.3d at 711. McMorrow is currently incarcerated at the federal prison in Tucson, Arizona. Therefore, the Court finds that it lacks jurisdiction over this claim.

### B.  LACK OF ACCESS TO LEGAL RESOURCES

McMorrow contends that he "cannot look up law since [he does] not have access to law books, or a Law library or a Legal assistant I am in S.H.U. I do not have access to these items." See Docket No. 113 (errors in original). By alleging a lack of access to legal resources, McMorrow does not challenge the validity of his sentence. The claim does not stem from the original conviction or sentence but is a claim that arose after McMorrow was incarcerated. Thus, this claim is not properly brought under 28 U.S.C. § 2255. Instead, this claim is clearly an attack on the conditions of McMorrow's imprisonment because he contends that the execution of his sentence is such that he is

denied access to legal resources. Therefore, McMorrow's claim is not properly brought under Section 2255, but is actually a Section 2241 claim. As previously explained, the Court does not have jurisdiction over the claim because the District of North Dakota is not the district in which McMorrow is incarcerated. The Court finds that it lacks jurisdiction over the claim.

### C.   TESTIMONY OF FBI AGENT

McMorrow's next Section 2255 claim is based on the contention that "F.B.I. Lied on testimony stating that I stated that I would make bombs. I never stated that I would make make bombs or what kind of weapons I would make except that I would make my own weapons." See Docket No. 113 (errors in original).

As explained above, the right to file a habeas motion under 28 U.S.C. § 2255 is not without limits. The one-year limitation period in which a prisoner has to file a Section 2255 motion runs from the latest of four events, two of which are relevant to this action: "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).

McMorrow's trial took place in July 2004. It was at that time that an FBI agent would have testified at trial. Thus, the facts supporting the claim were discoverable in July 2004. The judgment of conviction became final on March 27, 2007, which was ninety days after the entry of the Eighth Circuit's judgment on December 27, 2006. Therefore, McMorrow had one year from the later of the two dates, March 27, 2007, to file a Section 2255 motion for this claim. However, McMorrow did not file this motion until September 8, 2008, which was well after March 27, 2008. Further, McMorrow never raised this issue in his previous attempt at a Section 2255 motion filed on January 28, 2008. The

Court finds that McMorrow did not bring this claim within the one-year limitation period and, therefore, the motion is untimely.

### D. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, McMorrow claims that he received ineffective assistance of counsel because "I did not have a private investigator appointed even though there is evidence of police corruption and interfering with my constitutional rights.  My lawyer did not present them and I did not know enough to present them."  See Docket No. 113.  As previously noted, McMorrow's trial took place in July 2004.  The alleged ineffective assistance of counsel would have taken place at that time or before.  The facts supporting the claim were clearly discoverable in 2004 at the time of the trial.  The judgment of conviction became final on March 27, 2007, which was ninety days after the entry of judgment on December 27, 2006.  Therefore, McMorrow had one year from March 27, 2007, to file a Section 2255 motion for the ineffective assistance of counsel claim.  McMorrow did not file this motion until September 8, 2008, which was well after March 27, 2008.  Further, McMorrow never raised this issue in the prior attempt at a Section 2255 motion filed on January 28, 2008.  McMorrow is time-barred from bringing this Section 2255 claim.

### IV. CONCLUSION

The Court finds that McMorrow's special housing unit and lack of access to legal resources claims are not properly brought as 28 U.S.C. § 2255 claims but instead are Section 2241 claims over which the Court does not have jurisdiction.  The claims asserted must be brought in the district where the prisoner is incarcerated, not the district of the sentencing court.  The Court further finds that the claims alleging false testimony by an FBI agent and ineffective assistance of counsel are clearly time-

barred under 28 U.S.C. § 2255(f).  The Court **DISMISSES WITH PREJUDICE** McMorrow's Section 2255 motion (Docket No. 113).

In addition, the Court certifies that an appeal from the dismissal of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Based on the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.[1]

If McMorrow desires further review of his 28 U.S.C. § 2255 motion, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED**.

Dated this 10th day of March, 2009.

>  */s/  Daniel L. Hovland*
>  Daniel L. Hovland, Chief Judge
>  United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue certificates of appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).